USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-22-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,           :
                                              :
                    *Plaintiff*,              :
                                              :
            v.                                :
                                              :
JOHN A. MATTERA, et al.,                      :    11 Civ. 8323 (PKC)
                                              :    ECF CASE
                    *Defendants*,             :
                                              :
        -   AND   -                           :
                                              :
ANN A. MATTERA, et al.,                       :
                                              :
                    *Relief Defendants.*      :
                                              :
                                              :
---                                           :

## [PROPOSED] ORDER TO SHOW CAUSE WHY DEFENDANT JOHN A. MATTERA AND RELIEF DEFENDANT ANN A. MATTERA SHOULD NOT BE HELD IN CONTEMPT OF COURT

On the Emergency Ex Parte Application of the Securities and Exchange Commission (the "Application") for an Order:

1.    Directing Defendants John A. Mattera ("Mattera") and Relief Defendant Ann A. Mattera ("Ann Mattera" and, together with Mattera, "Defendants") to show cause why an order should not be entered:

      (a)    Directing Defendants to pay to the Court Registry Investment System ("CRIS"), the funds that they have dissipated in violation of the Court's November 29, 2011 Stipulation and Consent Order Imposing Preliminary Injunction and Other Relief Against Defendant John A. Mattera ("Consent Order"), and December 1, 2011 Order Granting Preliminary Injunction,

Freezing Assets, and Granting Other Relief ("PI Order") [~~make sure the titles of the orders are accurate;~~

(b)    Ordering Ann Mattera to comply with the discovery provisions of the November 17, 2011 Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief ("TRO"), ordering her to provide the verified written accounting required by the PI Order, and ordering her to provide an additional verified written accounting for Mattera reflecting all information in her possession;

(c)    Ordering the Defendants to identify all financial institutions and other custodians of their assets;

(d)    Ordering the Defendants to identify each item of real or personal property in his or her possession or control at any time since November 17, 2011, or alternatively to produce documents or the assets themselves;

(f)    Permitting the SEC to serve papers by paper or electronic means on the Pendants and to serve only this Order and related memorandum of law upon other parties to the action;

2.    Granting leave to the Securities and Exchange Commission (the "SEC") to seek an award of attorneys fees at the conclusion of the hearing on the foregoing;

The Court has considered (1) the Declaration of Karen Willenken Pursuant to Local Civil Rule 6.1 ("Willenken Declaration"); (2) the memorandum of law in support of the Commission's application; and (3) the record in this case. Based upon the foregoing, the Court finds that a proper showing has been made for the relief granted herein.

**NOW, THEREFORE,**

## I.

**IT IS HEREBY ORDERED** that Defendants appear in person, testify concerning the alleged violations of the Orders, and show cause, if there be any, to this Court at _3:15 PM_ ___.m. on the _29th_ day of _May_, 2012, in Room _12C_ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order (1) holding that Defendants are in contempt of the Consent Order and the PI Order (collectively, the "Orders"), for dissipating assets frozen pursuant to the Orders, and (2) holding that Ann Mattera is in contempt of the TRO for failing to respond to the Commission's document requests, and in contempt of the PI Order for failing to provide the required verified accounting.

## II.

_[handwritten: show cause at that time why this Court should not also enter an Order directing them]_

**IT IS FURTHER ORDERED** that Defendants immediately pay to the CRIS account for safekeeping, the funds transferred by them as set forth in Exhibits I-N of the Willenken Declaration and, if the Defendants fail to make such payments, Defendants shall show cause why they should not be held in contempt for failing to make such payments.

## III.

**IT IS FURTHER ORDERED** that Ann Mattera show cause at that time why this Court should not also enter an Order directing her to comply with the discovery provisions of the TRO by responding to the Commission's document requests, that she comply with the PI Order by providing a verified written accounting for herself, and that she also provide an additional verified written accounting for Mattera reflecting all information in her possession.

3

**IV.**

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order that Defendants must produce documents sufficient to identify all financial institution accounts, safety deposit boxes, rental storage facilities, boat marina slips and other locations in which their assets are currently maintained, and to update their production each time a new account or storage location is used while the Orders remain in effect, and that such production must include any available documents reflecting the name or address of the financial institution or storage location, or the name, telephone number or electronic mail address of their primary point of contact at the financial institution or storage location.

**V.**

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing them to identify each item of real or personal property, including but not limited to stock certificates, cash, currency, jewelry, or other valuables, that has been in his or her possession or control at any time since November 17, 2011, regardless of when it was acquired, and indicate the current owner, location and custodian of the asset; provided that, in lieu of disclosing any or all such assets and their location in a written document, either Defendant may choose to produce to the SEC documents sufficient to identify the asset, its current owner, custodian and location, or he or she may bring the asset to the SEC's offices in Miami for physical inspection at a date and time, on or before May 31, 2012 unless otherwise agreed in writing by the parties, to be determined by the SEC.

4

## VI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the

SEC's Application be served upon Defendants in electronic or paper form by United Parcel

Service and/or certified mail, and that this Order and the Commission's supporting memorandum

of law be served by electronic mail upon all other parties to this action, on or before

_May 23_____, 2012.

## VII.

**IT IS FURTHER ORDERED** that Defendants shall deliver any opposing papers in

response to the Order to Show Cause above no later than _May 29_ , 2012, at 5:00 _9:00 am_

p.m. Service shall be made by delivering the papers, using the most expeditious means

available, by that date and time, to the New York Regional Office of the Commission at 3 World

Financial Center, Room 400, New York, New York 10281, Attn: Karen E. Willenken, or to such

other place as counsel for the Commission may direct in writing. The Commission shall have

until _____ , 2012, at 5:00 p.m., to serve, by the most expeditious means

available (which may include any form of service authorized in paragraph VI above for service

of a copy of this Order), any reply papers upon the Defendants, or upon their respective counsel.

_____
UNITED STATES DISTRICT JUDGE

Issued at :    _2_ : _10_ _/_.m.
May _22_, 2012
New York, New York

5