

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
Room 400
NEW YORK, NEW YORK 10281-1022

KAREN WILLENKEN
(212) 336-0140
WillenkenK@sec.gov

November 13, 2013

**FILED VIA ECF (COURTESY COPY BY HAND)**

Hon. P. Kevin Castel
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

     RE:  **SEC v. John A. Mattera, et al., 11 Civ. 8323 (PKC)**

Dear Judge Castel:

     On behalf of Plaintiff Securities and Exchange Commission, I write to clarify the procedures by which the Commission will seek to recover part of the amounts owed by Joseph Almazon and Relief Defendant Executive Source Holding LLC ("Executive Source"), as well as any other defendants with outstanding judgments, from financial institution and securities accounts in their names or under their control. These accounts were previously frozen by the Court pursuant to orders on consent dated November 29, 2011.

     The Court's Opinion of November 7, 2013 ordered Almazon to pay $390,376.95, plus prejudgment interest, and a penalty of $50,000. The Court found Executive Source jointly and severally liable with Almazon for $309,089 of Almazon's disgorgement, plus prejudgment interest. Before the Commission can collect these amounts, the amount of prejudgment interest must be determined, and a final judgment must be entered. Enclosed are updated prejudgment interest calculations computed in the same manner as in the Commission's brief requesting the order of disgorgement. Also enclosed is a proposed Final Judgment. We have submitted the proposed judgment to the Orders and Judgments Clerk by e-mail, pursuant to the ECF guidelines.

     Once a Final Judgment has been entered against Almazon and Executive Source, and after expiration of the Rule 62 automatic stay, the Commission intends to file motions for the enforcement of any unpaid judgments. In particular, the Commission intends to file a motion by order to show cause for the turnover of funds held in the names of Defendant Almazon, Relief Defendant Executive Source and other entities they control. Consistent with the Court's November 7 Opinion, we have requested that Almazon produce to us any evidence relevant to the ownership of their accounts by November 22, 2013. To avoid imposing on the Court's time

Hon. P. Kevin Castel
November 13, 2013
Page 2

unnecessarily, we will incorporate into our turnover motion a description of any evidence Almazon submits by that date. We intend to file this motion in the first week of December 2013.

      The Commission intends to file any motions for the turnover of funds from third parties by Order to Show Cause to ensure that appropriate notice is made to the non-party financial institutions from whom the turnover will be sought, and, subject to Court approval, the Commission will seek to extend the asset freezes pending the outcome of the ancillary proceeding. Once the Court has ruled on the turnover motions, the Commission may seek modification of the asset freezes as appropriate to effectuate the turnover, to the extent necessary and appropriate based on the Court's rulings.

                                                Respectfully submitted,

                                                Karen E. Willenken
                                                Senior Counsel
                                                Division of Enforcement

Enclosures

cc:      John A. Mattera (by UPS)
          All other defendants and relief defendants (by email)



# U.S. Securities and Exchange Commission

## Division of Enforcement

## Prejudgment Interest Report

**Executive Source Updated Prejudgment Interest**

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $309,089.00 |
| 08/01/2011-09/30/2011 | 4% | 0.67% | $2,066.24 | $311,155.24 |
| 10/01/2011-12/31/2011 | 3% | 0.76% | $2,352.85 | $313,508.09 |
| 01/01/2012-03/31/2012 | 3% | 0.75% | $2,338.46 | $315,846.55 |
| 04/01/2012-06/30/2012 | 3% | 0.75% | $2,355.90 | $318,202.45 |
| 07/01/2012-09/30/2012 | 3% | 0.75% | $2,399.56 | $320,602.01 |
| 10/01/2012-12/31/2012 | 3% | 0.75% | $2,417.65 | $323,019.66 |
| 01/01/2013-03/31/2013 | 3% | 0.74% | $2,389.46 | $325,409.12 |
| 04/01/2013-06/30/2013 | 3% | 0.75% | $2,433.88 | $327,843.00 |
| 07/01/2013-09/30/2013 | 3% | 0.76% | $2,479.03 | $330,322.03 |
| 10/01/2013-10/31/2013 | 3% | 0.25% | $841.64 | $331,163.67 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 08/01/2011-10/31/2013 | | | $22,074.67 | $331,163.67 |



# U.S. Securities and Exchange Commission
# Division of Enforcement
# Prejudgment Interest Report

### Joseph Almazon Updated Prejudgment Interest

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $390,376.95 |
| 08/01/2011-09/30/2011 | 4% | 0.67% | $2,609.64 | $392,986.59 |
| 10/01/2011-12/31/2011 | 3% | 0.76% | $2,971.62 | $395,958.21 |
| 01/01/2012-03/31/2012 | 3% | 0.75% | $2,953.46 | $398,911.67 |
| 04/01/2012-06/30/2012 | 3% | 0.75% | $2,975.49 | $401,887.16 |
| 07/01/2012-09/30/2012 | 3% | 0.75% | $3,030.62 | $404,917.78 |
| 10/01/2012-12/31/2012 | 3% | 0.75% | $3,053.48 | $407,971.26 |
| 01/01/2013-03/31/2013 | 3% | 0.74% | $3,017.87 | $410,989.13 |
| 04/01/2013-06/30/2013 | 3% | 0.75% | $3,073.97 | $414,063.10 |
| 07/01/2013-09/30/2013 | 3% | 0.76% | $3,131.00 | $417,194.10 |
| 10/01/2013-10/31/2013 | 3% | 0.25% | $1,062.99 | $418,257.09 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 08/01/2011-10/31/2013 | | | $27,880.14 | $418,257.09 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN A. MATTERA, et al.,<br><br>Defendants,<br><br>and<br><br>ANN A. MATTERA, et al.,<br><br>Relief Defendants. | 11 Civ. 8323 (PKC) |

**[PROPOSED] FINAL JUDGMENT
IMPOSING MONETARY RELIEF AGAINST DEFENDANT JOSEPH ALMAZON AND
RELIEF DEFENDANT EXECUTIVE SOURCE HOLDING, LLC**

On March 16, 2012, a judgment (the "Consent Judgment)" was entered on consent against Defendants Joseph Almazon ("Almazon") and Spartan Capital Partners and Relief Defendant Executive Source Holding, LLC ("Executive Source"). The Consent Judgment provided for permanent injunctive relief and provided that the amount of disgorgement and penalties payable by Almazon and Spartan Capital Partners, and the amount of disgorgement payable by Executive Source, would be determined on motion. Having fully considered the papers filed by the parties, the Court issued an opinion and order on November 7, 2013, in which it found that the Securities and Exchange Commission is entitled to disgorgement and prejudgment interest from Defendant Joseph Almazon ("Almazon") and Relief Defendant Executive Source Holding, LLC ("Executive Source"). Therefore:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Almazon is liable for disgorgement in the amount of $390,376.95 ($309,089 of which is a joint and several obligation with the Relief Defendant Executive Source), representing profits gained and/or losses avoided as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $27,880.14 ($22,074.67 of which is a joint and several obligation with Relief Defendant Executive Source) for a total of $418,257.09 ($331,163.67 of which is a joint and several obligation with Relief Defendant Executive Source).  Defendant Almazon shall satisfy this obligation by paying $418,257.09 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph Almazon as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Almazon shall pay a civil penalty in the amount of $50,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph Almazon as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Executive Source is jointly and severally liable with Almazon for disgorgement in the amount of $309,089, representing funds received by Relief Defendant as a result of the conduct of the Defendants alleged in the Complaint, plus prejudgment interest thereon in the amount of $22,074.67 for a total of $331,163.67.  Relief Defendant shall satisfy this obligation by paying $331,163.67 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Relief Defendant may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>     Enterprise Services Center
>     Accounts Receivable Branch
>     6500 South MacArthur Boulevard
>     Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Executive Source as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant shall pay

post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

It is hereby further ordered that with the exception of the determination of the amount and timing of the disgorgement and penalties payable by Almazon and Executive Source, the provisions of the Consent Order remain in full effect as originally entered.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE